Dennis C. O'Donnell (NY 2486587)
David M. Riley (NY 5411616)
Shant K. A. Eulmessekian (NY 6094668)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: dennis.odonnell@us.dlapiper.com
david.riley@us.dlapiper.com
shant.eulmessekian@us.dlapiper.com

Stephanie B. Cohen (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: stephanie.cohen@us.dlapiper.com

Nicole McLemore (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131
Email: nicole.mclemore@us.dlapiper.com

*Proposed Pro Bono Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>1372 FRANKLIN AVENUE HOUSING DEVELOPMENT FUND CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11879 (MEW) |

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF BRONX LEGAL SERVICES AS SPECIAL COUNSEL TO THE DEBTOR UNDER SECTION 327(e), EFFECTIVE AS OF THE PETITION DATE**

1372 Franklin Avenue Housing Development Fund Corporation (the "Debtor") applies for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed

[1] The Debtor in this chapter 11 case (the "Chapter 11 Case"), along with the last four digits of its federal tax identification number, is 1372 Franklin Ave Housing Development Fund Corporation (0806). The Debtor's mailing address is 1372 Franklin Avenue, Bronx, New York 10456.

Order"), authorizing the Debtor to retain Bronx Legal Services as its pro bono special litigation counsel, effective as of August 6, 2026 (the "Petition Date"), and states as follows in support of this application (this "Application").

## RELIEF REQUESTED

1. The Debtor seeks authority to retain Bronx Legal Services, as its pro bono special counsel, effective as of the Petition Date. In support of this Application, the Debtor submits and incorporates by reference the *Declaration of Martha J. de Jesus* (the "de Jesus Declaration"), a copy of which is attached to this Application as **Exhibit B**. In further support of this Application, the Debtor respectfully states as follows.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. The Debtor confirms its consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with article III of the United States Constitution.

4. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-

1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**BACKGROUND**

6. On the Petition Date, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed.

7. A detailed description of the Debtor and its business, including the facts and circumstances giving rise to the Debtor's Chapter 11 Case, is set forth in the *Declaration of Faith Campbell, President of 1372 Franklin Avenue Housing Development Fund Corporation, in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* [D.I. 9] (the "First Day Declaration"), which is fully incorporated herein by reference.

**BRONX LEGAL SERVICES' PRIOR REPRESENTATION OF THE DEBTOR**

8. Bronx Legal Services is the largest provider of free civil legal services in the Bronx, and provides free legal help to low-income Bronx residents. For nearly fifty (50) years, Bronx Legal Services has been providing high-quality, free legal services to the Bronx communities by, *inter alia*, preserving affordable housing and preventing foreclosures.

9. As described more fully in the First Day Declaration, on December 31, 2019, the Debtor, with the assistance of Bronx Legal Services, filed an answer and third-party complaint in the foreclosure action brought by Flushing Bank in the Supreme Court of the State of New York, Bronx County ("Bronx Supreme Court"), Index No. 30433/2019E (the "Foreclosure Action"). The answer and third-party complaint asserted claims against 10 K Management, HSC

Management, Josh Koppel, and others for fraud, breach of fiduciary duty, unjust enrichment, and legal malpractice.

10. Bronx Legal Services represented the Debtor pro bono in defending the Foreclosure Action, including by asserting affirmative defenses based on standing, waiver, unconscionability, and unclean hands, and counterclaims against Flushing Bank for aiding and abetting fraud and aiding and abetting breach of fiduciary duty. Certain claims in the Foreclosure Action also remain pending against Josh Koppel and David Stich (the "Third Party Action"). Through its prior pro bono representation of the Debtor, Bronx Legal Services has obtained substantial institutional knowledge of the Debtor and the Debtor's litigation history.

**SCOPE OF REPRESENTATION**

11. The Debtor seeks the Court's leave to retain Bronx Legal Services as special counsel to the Debtor under section 327(e) of the Bankruptcy Code for the limited purpose of continuing its representation of the Debtor solely with respect to matters related to the Foreclosure Action. For the avoidance of doubt, Bronx Legal Services will not represent the Debtor in conducting the Chapter 11 Case generally.

12. Bronx Legal Services is well qualified to serve as special counsel because of its prior pro bono representation of the Debtor in the Foreclosure Action, its substantial institutional knowledge of the Debtor and the litigation history, and its familiarity with the claims that remain pending against Josh Koppel and David Stich in the Third-Party Action. Bronx Legal Services is expected to render services as to the Third-Party Action, regardless of whether it remains pending in Bronx Supreme Court or, as is likely, it is removed to the Bankruptcy Court. Accordingly, retention of Bronx Legal Services as special counsel is in the best interests of the Debtor and its estate and will promote the efficient administration of this Chapter 11 Case.

## PRO BONO REPRESENTATION

13. Bronx Legal Services seeks to represent the Debtor on a pro bono basis and will not charge the Debtor for legal services rendered or seek reimbursement of actual and necessary out-of-pocket expenses.

14. Bronx Legal Services does not intend to apply to the Court for compensation or reimbursement of expenses in connection with this Chapter 11 Case.

15. As of the Petition Date, the Debtor did not owe Bronx Legal Services any amounts for legal services rendered before the Petition Date.

16. Bronx Legal Services' services will complement, and not duplicate, the services being rendered by the Debtor's proposed pro bono counsel, DLA Piper, or any other professional retained in this Chapter 11 Case. Bronx Legal Services understands that the Debtor may retain additional professionals and agrees to work cooperatively with them to avoid any duplication of services.

## NO ADVERSE INTEREST TO THE DEBTOR WITH RESPECT TO THE SPECIFIED MATTER

17. As more fully set forth in the de Jesus Declaration, Bronx Legal Services has reviewed its relationships with the Debtor, its creditors, and other parties in interest to the extent necessary for this Application. Bronx Legal Services does not hold or represent any interest adverse to the Debtor or its estate. Bronx Legal Services will supplement the de Jesus Declaration if any facts or circumstances are discovered that require disclosure.

## BASIS FOR RELIEF

18. Bankruptcy Code section 327(e) provides that a debtor, subject to court approval:

> may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any

> interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United Stated trustee.

Fed. R. Bankr. P. 2014(a).

19. Retention of an attorney under section 327(e) of the Bankruptcy Code does not require the same inquiry required for a debtor to retain general bankruptcy counsel under Bankruptcy Code section 327(a). *See In re Mallinckrodt PLC*, 2022 WL 906462, at *5-6 (D. Del. Mar. 28, 2022) (holding that "§ 327(a) . . . has a broader, more exacting conflict-of-interest standard than appointment of special counsel under § 327(e)"). Counsel proposed to be retained under section 327(e) does not need to be a disinterested party as required by the section 327(a) standard—such counsel only need not have an "adverse interest" with respect to the specific matter for which they would be hired. *See Mallinckrodt,* 2022 WL 906462, at *5 ("[S]ection 327(e) does not require that counsel be a 'disinterested person,' as section 327(a) does[.]"); *In re Polaroid Corp.*, 424 B.R. 446, 452 (Bankr. D. Minn. 2010) ("In the case of litigation, [section 327(e)] prevents the retention of counsel who 'represent or have represented a client that is an actual or potential opponent of the estate *in the dispute for which counsel would be engaged*.") (emphasis added).

20. Here, the Debtor seeks to retain Bronx Legal Services solely for the limited purpose of continuing its pro bono representation of the Debtor with respect to the Third-Party Action. As

described in the de Jesus Declaration, Bronx Legal Services previously represented the Debtor in the Foreclosure Action and related claims, and it does not hold or represent an interest adverse to the Debtor or its estate with respect to the specified matter. DLA Piper will represent the Debtor in all other matters in the Chapter 11 Case.

21. Additionally, it is in the best interests of an estate for a firm that has been representing the debtor in litigation to continue to do so. Retaining existing counsel to continue the representation postpetition allows the matter to move forward without the cost and delay of finding new counsel and having new counsel learn the history of the case. *See*, *e.g.*, *Polaroid*, 451 B.R. at 451 ("Section 327(e) will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation[.]"). Bronx Legal Services' continued representation of the Debtor for the specified purpose will preserve its substantial historical knowledge and allow the matter to proceed efficiently.

22. For the foregoing reasons, the Debtor respectfully submits that the retention of Bronx Legal Services pursuant to the terms of this Application is in the best interests of the Debtor's estate.

**RETENTION AS OF THE PETITION DATE**

23. The Debtor requests approval of the retention of Bronx Legal Services as special counsel to the Debtor, effective as of the Petition Date. Such relief is warranted by the circumstances presented by this Chapter 11 Case. Courts in this District have identified "time pressure to begin service" and absence of prejudice as factors favoring retroactive retention. *See In re Motors Liquidation Co.*, 438 B.R. 365, 370 (Bankr. S.D.N.Y. 2010). Bronx Legal Services has substantial institutional knowledge of the Debtor and the litigation history, and its immediate

continued representation will avoid disruption and permit the specified matter to proceed efficiently. Moreover, no party will be prejudiced by Bronx Legal Services' retroactive retention.

24. Accordingly, the Debtor submits that Bronx Legal Services' representation of the Debtor is consistent with section 327(e) of the Bankruptcy Code, is in the best interests of the estate and all parties in interest in this Chapter 11 Case, and it should be approved retroactive to the Petition Date.

**NOTICE**

25. The Debtor will provide notice of this Application to: (a) the Office of the United States Trustee for Region 2, (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the attorney general for the State of New York; (e) the NYC Department of Housing Preservation and Development; (f) counsel for Flushing Bank, a division of Oceanfirst Bank, N.A.; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

26. No prior application for the relief requested herein has been made to this or any other court.

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court (i) enter the Proposed Order attached hereto as **Exhibit A** authorizing the retention of Bronx Legal Services under the terms specified to represent it as pro bono special counsel and approving its retention as set forth herein effective as of the Petition Date; and (ii) grant the Debtor such other and further relief as is just and proper.

Dated: September 1, 2026

**1372 FRANKLIN AVENUE HOUSING DEVELOPMENT FUND CORPORATION,**
Chapter 11 Debtor and Debtor in Possession

/s/*Faith Campbell*

Name: Faith Campbell
Title: President