**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>1372 FRANKLIN AVENUE HOUSING DEVELOPMENT FUND CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11879 (MEW) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

1372 Franklin Avenue Housing Development Fund Corporation, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), is filing its Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Court") under section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules and Statements (collectively, the "Global Notes") pertain to, and are incorporated by reference in, and comprise an integral part of, each Schedule and Statement. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "Specific Notes" and, together with the Global Notes, the "Notes"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Schedules and Statements were prepared by Yale Scott Bogen of Development Specialists, Inc. ("DSI"), proposed pro bono financial advisor to the Debtor, with the Debtor's advisors. The Schedules and Statements are unaudited and subject to potential adjustment, which may be material. In preparing the Schedules and Statements, Mr. Bogen relied on unaudited financial data derived from the Debtor's books and records that was available at the time of preparation. Mr. Bogen and the Debtor's advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and Statements, and errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtor does not undertake any obligation or commitment to update the Schedules and Statements.

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is 1372 Franklin Ave Housing Development Fund Corporation (0806). The Debtor's mailing address is 1372 Franklin Avenue, Bronx, New York 10456.

The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any Claim reflected on the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any Claim as "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to this chapter 11 case, including any issues involving objections to Claims, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the Bankruptcy Code, or causes of action arising under chapter 5 of the Bankruptcy Code or any other applicable law to recover assets or avoid transfers.

The Debtor and its agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data provided in the Schedules, Statements, or Notes, and shall not be liable for any loss or injury arising out of or caused by any errors or omissions in compiling, reporting, or delivering the information contained herein or as a result of any party's reliance thereon. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by the Bankruptcy Code or order of the Court. In no event shall the Debtor and/or its agents, attorneys, and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, and/or special damages (including, but not limited to, damages arising from the disallowance of a potential Claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor and/or its agents, attorneys, and financial advisors are advised of the possibility of such damages.

Yale S. Bogen has signed the Schedules and Statements. Mr. Bogen is a Senior Managing Director at DSI and is authorized to execute and file the Schedules and Statements on behalf of the Debtor. In reviewing and signing the Schedules and Statements, Mr. Bogen necessarily has relied upon the Debtor's books and records and the efforts, statements, and representations of the Debtor's property manager, counsel, and other advisors. Mr. Bogen has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any person for information relating to the current or future financial condition, events, or performance of the Debtor.**

1. **Description of the Case**. On August 6, 2026 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in the Court, *In re 1372 Franklin Avenue Housing Development Fund Corporation*, Case No. 26-11879. The Debtor is authorized to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. **Basis of Presentation**. The Schedules and Statements are unaudited and reflect the Debtor's reasonable efforts to report its assets and liabilities based on its books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to any financial statements. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the value of the Debtor's assets, including the Debtor's real property (the "Building"). The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

3. **Reporting Date**. Unless otherwise noted on the specific responses, the Statements and the liabilities reflected on the Schedules generally reflect the Debtor's books and records as of the close of business on the Petition Date.

4. **Cash Management System**. As described in the *Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing the Debtor to Maintain its Prepetition Cash Management System, Bank Accounts and Business Forms, (II) Waiving Strict Application of Section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines to the Extent Necessary and (III) Granting Related Relief* [D.I. 4], the Debtor maintains a cash management system in the ordinary course of business, to collect, concentrate, and disburse funds generated by its operations.

5. **Insurance Programs**. As described in the *Motion of the Debtor for Entry of an Order Authorizing the Debtor to (I) Maintain its Existing Insurance Programs and Pay All Related Insurance Obligations and (II) Renew, Revise, Extend, Supplement, Change, or Enter into New Insurance Programs* [D.I. 3], the Debtor is party to certain insurance policies and a premium financing agreement described therein. The Debtor may have excluded certain of these policies from the Schedules and Statements.

6. **Accuracy**. The Debtor is not a reporting entity under securities laws, and the financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. The Debtor is not liable for, and undertakes no responsibility to indicate, variations from securities laws or for any evaluations of the Debtor based on this financial information or any other information.

7. **Duplication**. Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtor has determined to list such assets, liabilities, and prepetition payments only once.

8. **Valuation**. Current market valuations are not maintained by or readily available to the Debtor. When necessary, the Debtor has indicated that the value of certain assets or liabilities is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or other values so ascribed). Accordingly, the Debtor reserves all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvements (if any) that have been fully depreciated

or amortized, or were expensed for GAAP accounting purposes, have no net book value, and therefore were not included in the Schedules and Statements, but may have current market values and remain assets of the estate.

Nothing in the Schedules and Statements or these Notes shall be, or shall be deemed to be, an admission that the Debtor was solvent or insolvent as of the Petition Date.

9. **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtor are scheduled as "unliquidated," "undetermined," "unknown," or "N/A." The description of an amount as "unliquidated," "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

10. **Excluded Liabilities and Assets**. The Debtor believes that it has identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtor has sought to allocate liabilities between the prepetition and postpetition periods, subject to the methodology in these Notes, based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code.

In addition, and as noted herein, the Debtor has excluded amounts for which the Debtor has been granted authority to pay pursuant to a "first day" order or other order that may be entered by the Court, including payroll-related items, whether paid as of the date hereof or not.

11. **Insiders**. The Debtor does not believe that it has made any payments on or within twelve months before the Petition Date to any individual (and their relatives) or entity who, in the Debtor's good faith belief, may be deemed an "insider" under section 101(31) of the Bankruptcy Code. The Debtor reserves all rights with respect thereto.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission or waiver that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for, relied upon or introduced or offered into evidence relating to or in connection with: (a) the purposes of determining (i) control of the Debtor; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtor; or (iv) whether such individual or entity (or the Debtor) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of

the twelve-month period before the Petition Date, but the Debtor has included them herein out of an abundance of caution. The Debtor reserves all rights with respect thereto.

12. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the amounts stated and exclude any amount or estimate for "unknown" or "undetermined" or similar entries. If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

13. **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

14. **Causes of Action**. Despite its reasonable effort to identify all known assets, the Debtor may not have listed all of its Claims, rights of setoff, causes of action or potential causes of action against third parties as assets in its Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtor reserves all rights with respect to any Claims, causes of action, rights of setoff, or avoidance actions it may have, and neither these Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, causes of action, rights of setoff, or avoidance actions or in any way prejudice or impair the assertion of such Claims, causes of action, rights of setoff, or avoidance actions or in any way act as an admission of any fact or liability or the character thereof.

15. **Solvency**. Given the uncertainty surrounding the collection and valuation of certain assets, including tax attributes, and the valuation, enforceability and nature of certain liabilities, among other things, to the extent that the Debtor shows more assets than liabilities (totals may omit unknown or undetermined asset values or liabilities so the net solvency or insolvency calculation may be materially different from final values), this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent the Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

16. **Liens**. The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtor reserves all of its rights with respect to such liens, except to the extent that the Debtor has stipulated in this chapter 11 case to the extent, validity, priority and perfection of any such lien and has granted any party a release with respect to any cause of action.

17. **Setoffs**. The Debtor may incur setoffs in the ordinary course of business arising from, among other things, maintenance fee and rent credits, adjustments, refunds, and disputes with vendors. Certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt by a non-Debtor to be applied against the Debtor is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code. The Debtor reserves all rights to challenge any setoff or recoupment rights that may be asserted against it, including, but not

limited to, any and all rights and defenses preserved under section 558 of the Bankruptcy Code.

18. **Leases and Occupancy Agreements**. The Debtor has not included future obligations under any lease or other executory contract in the Schedules and Statements. To the extent an amount was outstanding on account of such lease or other executory contract as of the Petition Date, the creditor has been included on **Schedule E/F** of the Schedules. In the ordinary course of business, the Debtor may enter into agreements titled as leases for property, other property interests, and/or equipment from third-party lessors for use in the operation of its business. Any such prepetition obligations that are known to the Debtor have been listed on **Schedule F**, and the underlying lease or other executory contract agreements are listed on **Schedule G**. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the legal status of any lease or other executory contract, including: (a) whether any such agreement is executory; (b) whether any such agreement constitutes a true lease, a financing arrangement, an installment sale contract, or a real property interest; or (c) the status of the leases and occupancy agreements with the Debtor's shareholders or the residential leases with the Debtor's tenants. The Debtor reserves all rights with respect to such issues.

19. **Market Value of the Building**. The Schedules and Statements list the value of the Building as "Undetermined." The New York City Department of Finance (the "NYCDOF") lists in its records the value of the Building for tax purposes as $2,413,000.00, which valuation was not derived from a formal appraisal of the Building. The Debtor disputes the market value ascribed by NYCDOF for all the reasons relating to restrictions on the Building's use and disposition set forth in the Cash Collateral Motion [D.I. 4]; and it reserves its right to tender and prove up a valuation of the Building in connection with confirmation of the chapter 11 plan to be filed in this Chapter 11 Case.

20. **Confidentiality or Sensitive Information**. In accordance with *Motion of the Debtor for Entry of an Order (I) Authorizing the Debtor to Redact Certain Personally Identifiable Information of Natural Persons, Effective as of the Petition Date and (II) Granting Related Relief* [D.I. 6], the Debtor has redacted certain personally identifiable information of natural persons from the Schedules and Statements, including the names and unit numbers of the Debtor's residents and the home and email addresses of individuals. Payments made to individuals and certain other instances where personally identifiable information could otherwise be disclosed have been reported without disclosing such information.

21. **Debtor's Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights, admission, res judicata, or collateral estoppel by or against the Debtor or its estate with respect to the chapter 11 case, including any rights or Claims of the Debtor against any third party, defenses, statutory or equitable subordination or other equitable relief, turnover, or causes of action arising under chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy law to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Notes does not limit in any respect the general reservation of rights contained in this paragraph or elsewhere.

a) Any failure to designate a Claim listed on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim is not disputed, contingent, or unliquidated. The Debtor reserves the right to dispute, and to assert setoff rights, counterclaims, and defenses to, any Claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any Claim as "disputed," "contingent," or "unliquidated."

b) Notwithstanding the Debtor's reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items, and the Debtor reserves all rights to recharacterize, reclassify, recategorize, or redesignate such items reported in the Schedules and Statements at a later time as appropriate.

c) The listing of a Claim (i) on **<u>Schedule D</u>** as "secured," (ii) on **<u>Schedule E/F</u>** (Part 1) as "priority," (iii) on **<u>Schedule E/F</u>** (Part 2) as "unsecured," or (iv) the listing of a contract or lease on **<u>Schedule G</u>** as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to dispute, recharacterize, or reclassify such Claim or contract pursuant to a schedule amendment or otherwise.

d) The Claims of individual creditors for, among other things, goods, services, or taxes are listed in the amounts reflected on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of its rights with regard to such credits, allowances, and other adjustments, including the right to assert Claim objections and setoffs with respect to the same.

e) Although the Debtor has exercised reasonable efforts to ensure the accuracy of its Schedules and Statements, they nevertheless may contain errors and omissions. The Debtor hereby reserves all of its rights to dispute the validity, status, extent, and enforceability of any contracts, agreements, and leases identified in the Debtor's Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f) The Debtor further reserves all of its rights, Claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's Claim.

g) Listing a contract or lease on the Debtor's Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtor hereby expressly reserves the right to assert that any contract listed on the Debtor's Schedules and Statements does not constitute an executory

contract within the meaning of section 365 of the Bankruptcy Code, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

22. **The Chapter 11 Filing**. For more information about the Debtor's assets, liabilities, and related matters, please refer to the other chapter 11 documents, including declarations, filed by the Debtor in this chapter 11 case, each of which is incorporated herein by reference in its entirety.

23. **Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Notes, the Notes shall control.

**SPECIFIC NOTES WITH RESPECT TO THE DEBTOR'S SCHEDULES**

1. **Schedule A/B**. Where a total would include an "unknown" or "undetermined" amount in the sum, then the total is reflected as "undetermined."

2. **Schedule A/B/11a**. Accounts receivable are determined as of the Petition Date.

3. **Schedule D**. The Debtor has not included parties that may believe their Claims are secured through setoff rights, inchoate statutory lien rights, or other lien rights. The amounts outstanding under the Debtor's prepetition secured debts reflect approximate amounts as of the Petition Date. Descriptions provided on **Schedule D** are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

4. **Schedule E/F**.

a) The Debtor has used reasonable efforts to report all general unsecured Claims against the Debtor on **Schedule E/F**, based upon the Debtor's books and records as of the Petition Date. Determining the date upon which each Claim on **Schedule E/F** was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each Claim listed on **Schedule E/F**.

b) Any information contained in **Schedule E/F** with respect to potential litigation shall not be a binding admission or representation, res judicata or collateral estoppel of or against the Debtor or the Debtor's liability with respect to any of the pending, threatened or potential suits and proceedings included therein.

c) The Claims of individual creditors are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of its rights with regard to such credits, allowances, and other adjustments, defenses or other rights under the applicable uniform commercial code, including the right to assert Claim objections, to reject goods, assert warranty rights and/or setoffs with respect to the same.

d) **Schedule E/F** does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected, except where a judgment has been rendered.

5. **Schedule G**. The contracts, agreements, and leases listed on **Schedule G** may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, renewals, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Further, unless otherwise specified on **Schedule G**, it is the Debtor's intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns for the privacy of an individual. The Debtor reserves all of its rights with respect to such agreements. Certain of the contracts and agreements listed on **Schedule G** may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on **Schedule G** or that may be listed as a single entry. The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

**SPECIFIC NOTES WITH RESPECT TO THE DEBTOR'S STATEMENTS**

1. **Statement 1**. The Debtor determined revenue on a cash basis.

2. **Statement 3**. The Debtor has responded to **Statement 3** in detailed format by creditor. The response does not include transfers of ordinary course compensation to non-insiders through salaries, wages, benefits, or related allowances.

3. **Statement 26d**. The Debtor may have provided financial statements in the ordinary course of its business to financial institutions and other parties within two (2) years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtor's knowledge or consent or subject to confidentiality agreements, the Debtor has not disclosed any parties that may have received such financial statements for the purposes of **Statement 26d**.

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 8, 2026**

*X* **/s/ Yale Bogen**
Signature of individual signing on behalf of debtor

**Yale Bogen**
Printed name

**Financial Advisor**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

**12/15**

**Part 1: Summary of Assets**

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*............ $ **Undetermined**

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*............ $ **535,834.92**

1c. **Total of all property:**
Copy line 92 from *Schedule A/B*............ $ **535,834.92**

**Part 2: Summary of Liabilities**

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*............ $ **4,775,255.36**

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

**3a. Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of *Schedule E/F*............ $ **Undetermined**

**3b. Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............ +$ **589,738.82**

4. **Total liabilities** ............
Lines 2 + 3a + 3b ............ $ **5,364,994.18**

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

# Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 3.1. | **Webster Bank** | **Checking** | **7196** | **$7,812.79** |
| 3.2. | **Webster Bank** | **Reserve** | **2676** | **$0.00** |
| 3.3. | **Webster Bank** | **Money Market** | **2678** | **$0.00** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.** **$7,812.79**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.

☐ Yes Fill in the information below.

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

Debtor **1372 Franklin Avenue Housing Development Fund Corporation** Case number *(If known)* **26-11879**
Name

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: Tenant Receivables | **15,300.00** | - | **0.00** | = .... | **$15,300.00** |
| 11a. 90 days old or less: Tenant Receivables | **128,170.51** | - | **0.00** | = .... | **$128,170.51** |
| 11b. Over 90 days old: Owner Receivables | **9,335.00** | - | **0.00** | =.... | **$9,335.00** |
| 11b. Over 90 days old: Owner Receivables | **374,966.62** | - | **0.00** | =.... | **$374,966.62** |

12. **Total of Part 3.** **$527,772.13**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Part 4: Investments**

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

**Part 5: Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials** | | | | |
| 20. | **Work in progress** | | | | |
| 21. | **Finished goods, including goods held for resale** | | | | |
| 22. | **Other inventory or supplies** **Repair Maintenance Supplies** | | **$250.00** | **N/A** | **$250.00** |

23. **Total of Part 5.** **$250.00**
Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
■ No
☐ Yes

Debtor **1372 Franklin Avenue Housing Development Fund Corporation**
Name

Case number *(If known)* **26-11879**

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

■ No
☐ Yes. Book value ______ Valuation method ______ Current Value ______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

■ No
☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1. **1372 Franklin Avenue, Bronx NY** | **Fee simple** | **N/A** | **N/A** | **Undetermined** |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

**Undetermined**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No
☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| | **5 units currently owned by deceased individuals** | **Unknown** |

78. **Total of Part 11.** **$0.00**
Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Debtor **1372 Franklin Avenue Housing Development Fund Corporation**
Name

Case number *(If known)* **26-11879**

**Part 12: Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$7,812.79** | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | **$527,772.13** | |
| 83. | **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | **$250.00** | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$0.00** | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| 88. | **Real property.** *Copy line 56, Part 9*..........> | | **Undetermined** |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + **$0.00** | |
| 91. | **Total.** Add lines 80 through 90 for each column | **$535,834.92** | + 91b. **Undetermined** |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | **$535,834.92** |

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 **Flushing Bank**<br>Creditor's Name<br>**P.O Box 9000**<br>**East Meadow, NY 11554**<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>**1372 Franklin Avenue, Bronx NY**<br><br>**Describe the lien**<br>**Mortgage**<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>■ Contingent<br>■ Unliquidated<br>☐ Disputed | **$4,775,255.36** | **Undetermined** |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** **$4,775,255.36**

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

# Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Amount of claim |
|---|---|---|---|
| 3.1 | **Energo LLC**<br>**P.O Box 770038**<br>**Woodside, NY 11377**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Trade<br>Is the claim subject to offset? ■ No ☐ Yes | **$8,830.16** |
| 3.2 | **Flushing Bank**<br>**P.O Box 9000**<br>**East Meadow, NY 11554**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ■ Contingent<br>■ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Judgment<br>Is the claim subject to offset? ■ No ☐ Yes | **Unknown** |
| 3.3 | **IPFS Corporation**<br>**P.O Box 412086**<br>**Kansas City, MO 64141-2086**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Trade<br>Is the claim subject to offset? ■ No ☐ Yes | **$52,612.24** |
| 3.4 | **L's Expert Plumbing & Heating**<br>**1280 Astor Avenue**<br>**Bronx, NY 10469**<br>**Date(s) debt was incurred** _<br>**Last 4 digits of account number** _ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Trade<br>Is the claim subject to offset? ■ No ☐ Yes | **$2,329.93** |

Debtor **1372 Franklin Avenue Housing Development Fund Corporation**
Name

Case number (if known) **26-11879**

| | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | |
|---|---|---|---|
| 3.5 | **Lift Elevator LLC**<br>**151 West Lincoln Avenue**<br>**Mount Vernon, NY 10550**<br>**Date(s) debt was incurred _**<br>**Last 4 digits of account number _** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Trade<br>Is the claim subject to offset? ■ No ☐ Yes | **$1,260.39** |
| 3.6 | **NYC Department of Finance**<br>**100 Gold Street Room 6Q3**<br>**New York, NY 10038**<br>**Date(s) debt was incurred _**<br>**Last 4 digits of account number _** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Government<br>Is the claim subject to offset? ■ No ☐ Yes | **$291,894.55** |
| 3.7 | **NYC Water Board**<br>**59-17 Junction Blvd 8th Floor**<br>**Elmhurst, NY 11373-5108**<br>**Date(s) debt was incurred _**<br>**Last 4 digits of account number _** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Government<br>Is the claim subject to offset? ■ No ☐ Yes | **$215,638.92** |
| 3.8 | **Runwise Inc.**<br>**6 East 32nd Street 11th Floor**<br>**New York, NY 10016**<br>**Date(s) debt was incurred _**<br>**Last 4 digits of account number _** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Trade<br>Is the claim subject to offset? ■ No ☐ Yes | **$3,462.23** |
| 3.9 | **Triera Contracting Inc.**<br>**14823 94th Avenue**<br>**Jamaica, NY 11435**<br>**Date(s) debt was incurred _**<br>**Last 4 digits of account number _** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** Trade<br>Is the claim subject to offset? ■ No ☐ Yes | **$13,710.40** |

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | | $ **0.00** |
| **5b. Total claims from Part 2** | 5b. | + | $ **589,738.82** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ **589,738.82** |

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest | **Payroll** | |
| State the term remaining | | |
| List the contract number of any government contract | | **ADP, Inc.**<br>**PO Box 830272**<br>**Philadelphia, PA 19182** |
| 2.2. State what the contract or lease is for and the nature of the debtor's interest | **Residential Apartment Lease** | |
| State the term remaining | | |
| List the contract number of any government contract | | **Name and address on file** |
| 2.3. State what the contract or lease is for and the nature of the debtor's interest | **Management Services** | |
| State the term remaining | **Month to Month** | |
| List the contract number of any government contract | | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** |
| 2.4. State what the contract or lease is for and the nature of the debtor's interest | **Disability Insurance Policy # LNY811910001** | |
| State the term remaining | **1/1/2027** | |
| List the contract number of any government contract | | **Hartford Life & Accident Ins C**<br>**690 Asylum Avenue**<br>**Hartford, CT 06155** |

Debtor 1 **1372 Franklin Avenue Housing Development Fund Corporation** Case number (*if known*) **26-11879**

First Name Middle Name Last Name

## Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.5. | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | **Residential Apartment Lease** | **Name and address on file** |
| 2.6. | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | **Commerial General Liability Insurance Policy #IA0408PK001281-00**<br>**6/20/2027** | **Incline Americas Insurance Co.**<br>**13215 Bee Cave Parkway**<br>**Suite B-150**<br>**Austin, TX 78738** |
| 2.7. | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | **Automobile Liability Insurance Policy # IA0408PK001281-00**<br>**6/20/2027** | **Incline Americas Insurance Co.**<br>**13215 Bee Cave Parkway**<br>**Suite B-150**<br>**Austin, TX 78738** |
| 2.8. | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | **Insurance Premium Financing** | **IPFS Corporation**<br>**P.O Box 412086**<br>**Kansas City, MO 64141-2086** |
| 2.9. | State what the contract or lease is for and the nature of the debtor's interest<br>State the term remaining<br>List the contract number of any government contract | **Residential Aparment Lease**<br>**8/31/2027** | **Name and address on file** |

Debtor 1 **1372 Franklin Avenue Housing Development Fund Corporation** Case number (*if known*) **26-11879**

First Name Middle Name Last Name

## Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.10. | State what the contract or lease is for and the nature of the debtor's interest | **Residential Apartment Lease** | |
| | State the term remaining | | |
| | List the contract number of any government contract | | **Name and address on file** |
| 2.11. | State what the contract or lease is for and the nature of the debtor's interest | **Residential Apartment Lease** | |
| | State the term remaining | | |
| | List the contract number of any government contract | | **Name and address on file** |
| 2.12. | State what the contract or lease is for and the nature of the debtor's interest | **Residential Apartment Lease** | |
| | State the term remaining | | |
| | List the contract number of any government contract | | **Name and address on file** |
| 2.13. | State what the contract or lease is for and the nature of the debtor's interest | **D&O Insurance Policy # QDO0012200-01** | |
| | State the term remaining | **10/4/2026** | **StarNet Insurance Company**<br>**475 Steamboat Road**<br>**Greenwich, CT 06830** |
| | List the contract number of any government contract | | |
| 2.14. | State what the contract or lease is for and the nature of the debtor's interest | **Crime Insurance Policy # QDR0005772-00** | |
| | State the term remaining | **10/4/2026** | **StarNet Insurance Company**<br>**475 Steamboat Road**<br>**Greenwich, CT 06830** |
| | List the contract number of any government contract | | |

Debtor 1 **1372 Franklin Avenue Housing Development Fund Corporation**
First Name Middle Name Last Name

Case number (*if known*) **26-11879**

## Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.15. State what the contract or lease is for and the nature of the debtor's interest | **Worker's Compensation and Employer Liability Policy # WWC3827262** | |
| State the term remaining | **1/13/2027** | |
| List the contract number of any government contract | | **Wesco Insurance Company** |

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

# Official Form 206H
# Schedule H: Your Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br>City State Zip Code | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name **1372 Franklin Avenue Housing Development Fund Corporation**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known) **26-11879**

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/25**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1: Income**

1. **Gross revenue from business**

☐ None.

| **Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year** | **Sources of revenue** Check all that apply | **Gross revenue** (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **1/01/2026** to **Filing Date** | ■ Operating a business<br>☐ Other | **$220,447.10** |
| **For prior year:** From **1/01/2025** to **12/31/2025** | ■ Operating a business<br>☐ Other | **$461,640.00** |
| **For year before that:** From **1/01/2024** to **12/31/2024** | ■ Operating a business<br>☐ Other | **$400,557.00** |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
|---|---|

**Part 2: List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| **Creditor's Name and Address** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** *Check all that apply* |
|---|---|---|---|

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **5/8/2026** | **$1,742.99** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.2. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **5/18/2026** | **$7,984.03** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.3. | **IPFS Corporation**<br>**P.O Box 412086**<br>**Kansas City, MO 64141-2086** | **5/21/2026** | **$5,468.11** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.4. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **6/10/2026** | **$3,073.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.5. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **6/11/2026** | **$391.75** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.6. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **6/12/2026** | **$22,761.30** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.7. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **6/16/2026** | **$5,175.40** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.8. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **6/26/2026** | **$992.46** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.9. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **6/30/2026** | **$1,018.94** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.10. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **7/3/2026** | **$1,536.29** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.11. | **IPFS Corporation**<br>**P.O Box 412086**<br>**Kansas City, MO 64141-2086** | **7/21/2026** | **$6,471.40** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.12. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **7/22/2026** | **$272.19** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.13. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **7/27/2026** | **$9,273.83** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.14. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **7/30/2026** | **$23,266.02** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.15. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **8/5/2026** | **$1,124.99** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.16. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **8/5/2026** | **$687.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

## Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Flushing Bank v. 1372 Franklin Avenue Housing Development Fund Corporation, et al.<br>Index No. 30433/2019E** | **Property Foreclosure** | **New York Supreme Court, Bronx County<br>851 Grand Concourse<br>Bronx, NY 10451** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **1372 Franklin Avenue Housing Development Fund Corporation v. 10 K Management, Inc. et al.<br>Index No. 43643/2019E** | **Civil Litigation - General** | **New York Supreme Court, Bronx County<br>851 Grand Concourse<br>Bronx, NY 10451** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

## Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

Debtor **1372 Franklin Avenue Housing Development Fund Corporation** Case number *(if known)* **26-11879**

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:** **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:** **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:** **Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

**Part 8:** **Health Care Bankruptcies**

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |

**Part 9: Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
■ Yes. State the nature of the information collected and retained.

**Identification details and financial records of tenants**

Does the debtor have a privacy policy about that information?
☐ No
■ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
| --- | --- | --- | --- | --- |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- |

**Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own**

Debtor **1372 Franklin Avenue Housing Development Fund Corporation** Case number *(if known)* **26-11879**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12: Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13: Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br>**Dates business existed** |
|---|---|---|

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service<br>From-To |
|---|---|

Debtor **1372 Franklin Avenue Housing Development Fund Corporation** Case number *(if known)* **26-11879**

| | Name and address | Date of service From-To |
|---|---|---|
| 26a.1. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **10/1/2019 - Present** |
| 26a.2. | **Joseph L. Bavaro**<br>**20 Tuckahoe Road**<br>**Yonkers, NY 10710** | **10/1/2019 - Present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26b.1. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | **10/1/2019 - Present** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | **Finger Management Realty, LLC**<br>**20 Tuchahoe Road**<br>**Yonkers, NY 10710** | |
| 26c.2. | **UHAB**<br>**120 Wall Street, 20th Fl.**<br>**New York, NY 10005** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| | Name and address |
|---|---|
| 26d.1. | **Flushing Bank**<br>**P.O Box 9000**<br>**East Meadow, NY 11554** |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Faith Cambell Wolfe** | **1372 Franklin Ave**<br>**Bronx, NY 10456** | **President** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Willie Norman** | **1372 Franklin Ave<br>Bronx, NY 10456** | **Vice President** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Robert Brown** | **1372 Franklin Ave<br>Bronx, NY 10456** | **Treasurer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Tanya Richardson** | **1372 Franklin Ave<br>Bronx, NY 10456** | **Board Member** | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

- ■ No
- ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ■ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ■ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14: Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 8, 2026**

**/s/ Yale Bogen**
Signature of individual signing on behalf of the debtor

**Yale Bogen**
Printed name

Position or relationship to debtor **Financial Advisor**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No
☐ Yes